By the Court.—Sedgwick, Ch. J.
The defendants called as a witness a workman named Kelly, employed by them. On his direct examination he said he was shoving over cars that were to go down the track where the plaintiff was, when he was hurt. One car was stiff ; the grease was hard, and they could not get it to run. The witness and another man had to get pinch bars and pinch *164 the car down on the track referred to. Then it went down quite easily, and no faster than if a man stood at the brake. It was not necessary for a man to be at the brake, as the car was going so easily. He went down the track along side of the car and at the end of it, ready to step on it. The car was going at the usual rate of speed, that enabled a coupler to safely couple the car to the one ahead of it.
By other testimony it appeared that the plaintiff was on the track at the end of another car, for the purpose of coupling to it the moving car referred to by the witness Kelly.
The witness further said in substance, that as he was moving the car he referred to, he did not know that the plaintiff was on the track ready to couple. When he got within about forty feet of the cars ahead of the one he was moving, he hallooed to know where Kinner, the plaintiff was, to see if he was ready to couple that car. He got no reply ; then he let the car go with the others. He turned back to get another car, when Kinner came down along the cars with his hand hurt. He said that the car he was going down with struck the other car it ran into, no harder than it would if a man had been at the brake regulating its speed.
On cross-examination by plaintiff, Kelly was asked if he had not said certain things, and he in effect denied that he had said them. The declarations, as supposed by the questions, were such as they assumed to have been made to the plaintiff immediately after the accident. This does not affect the principle on which this appeal on this point will be decided. In rebuttal, the plaintiff took the stand, and was asked several questions tending to show that Kelly had said the things which he had denied. The defendants took exceptions to the admissions of these questions. The ground of the objection is that the questions to Kelly related to matters that had not been brought out upon Kelly’s direct examination, and referred to matters which were not evidence against the defend *165 ant, as the declarations of Kelly would not be testimony against them.
It seems to me that the assumption that the declarations pointed at by the questions did not refer to Kelly’s direct examination, is not sustained by that examination. The rule that the declarations of a witness as to matters as to which he has testified, they being material to the issues, can be shown to affect his credibility after he has denied that he has made them, is not confined to the immediate things he testified to, but extends to circumstances within his knowledge, or which it may be argued to the jury are within his knowledge, inconsistent with the things he has testified to, or which would call for a modification of his testimony (Sloan v. The New York Central R. R. Co., 45 N. Y. 126).
Some of the questions asked for the purpose of contradicting Kelly, referred to whether he had said that he saw the plaintiff go on to the track to make the coupling, but thought he had made it. This related to his direct examination, for the inference from that would be, naturally, that he had not seen the plaintiff. Other questions referred to whether Kelly had said, what he had denied saying, that there was no brakeman on the car because it was a cold morning, and the car was so stiff that he thought it would not run fast enough to require a brakeman. This referred to that part of his direct examination as to the actual cause of there being no brakeman on the car, which was relevant to the issue of defendant’s negligence. Another question referred to whether Kelly had admitted that if he thought the plaintiff was going to get hurt, he could have run down close enough to have shouted to him to look out for himself. This referred by implication to facts that the jury might have considered in finding whether their existence was consistent with the precaution that Kelly swore he took by shouting out, under the circumstances that Kelly testified to.
I therefore think that the exceptions should not be sustained.
*166 After examining .the testimony, I find in it facts that were properly submitted to the jury on the questions of negligence and contributory negligence.
The judgment and order appealed from should be affirmed, with costs.
Freedman, J., concurred.